**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DARRELL D.,
    Plaintiff,

v.

KILOLO KIJAKAZI, *Acting Commissioner of the Social Security Administration*,
    Defendant.

Civil Action No.
1:20-cv-04900-SDG

**OPINION AND ORDER**

Before the Court is the Final Report and Recommendation (R&R) of United States Magistrate Judge Linda T. Walker [ECF 21], recommending that the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income be affirmed. Plaintiff objected [ECF 23]. For the reasons stated below, Plaintiff's objections are **OVERRULED**. The Commissioner's decision is **AFFIRMED**, and the R&R is **ADOPTED** as the Order of this Court.

**I.   Background**

Plaintiff does not object to the R&R's recitation of the facts, procedural history, or statement of the law.[1] Accordingly, the Court does not repeat those details here except as necessary to its consideration of Plaintiff's objection.

---

1   *See generally* ECF 23.

On April 23, 2017, Plaintiff fell off a 20-foot roof, sustaining multiple injuries including spinal fractures and dislocations. He underwent two surgeries in the next three days, including a spinal fusion. He applied for disability insurance benefits (DIB) and supplemental security income (SSI) on July 19, 2017. His applications were denied initially and on reconsideration. After a hearing, an administrative law judge (ALJ) denied Plaintiff's applications. The ALJ concluded that Plaintiff has sufficient residual functional capacity (RFC) to perform some jobs that exist in significant numbers in the national economy.[2] Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied.

Before Judge Walker, Plaintiff argued that (1) the ALJ improperly relied only on the opinions of non-examining consultants and his own lay judgment in determining Plaintiff's RFC and (2) the record lacked a treating or examining medical opinion on which the ALJ could base the RFC decision. Judge Walker concluded that there was substantial evidence in the record supporting the ALJ's decision and that the proper legal standards had been applied.

---

[2] "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

## II. Standard of Review

### a. Review of the Commissioner's final decision

"The Social Security Act provides that federal courts may only review the Secretary's 'final decision,' and that judicial review of the Secretary's findings of fact is limited to determining whether these findings are supported by substantial evidence." *Parker v. Bowen*, 788 F.2d 1512, 1516 (11th Cir. 1986) (en banc) (citing 42 U.S.C. § 405(g)). In considering the denial of disability benefits, the Court reviews "the agency's decision and determine[s] whether its conclusion, as a whole, was supported by substantial evidence in the record." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (internal quotation marks omitted) (citation omitted). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is, however, "less than a preponderance." *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1060 (11th Cir. 2021) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). The Court is not permitted to reweigh the evidence or substitute its judgment for that of the Commissioner. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The burden of proving disability is on the claimant. *Pupo*, 17 F.4th at 1060.

b.  **Objections to a Report & Recommendation**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

III.  **Discussion**

Plaintiff's objection renews the argument he made before the magistrate judge that there is no "medical source statement [in the record] from an examining or treating source that the ALJ relied upon to support the specific physical limitations contained in the RFC finding."[3] In the absence of a statement from an examining physician, Plaintiff contends that there is not sufficient evidence to support the ALJ's determination of his RFC. The Court accordingly reviews *de novo* whether substantial evidence supported the ALJ's RFC assessment.

---

[3] ECF 23, at 4.

### 1.     What is required for substantial evidence?

Plaintiff is correct that the opinions of non-examining physicians *alone* do not constitute substantial evidence.[4] But he incorrectly contends that the ALJ here only relied on such opinions. The ALJ was "partially persuaded" by those opinions, but based the decision on all of the record evidence.[5] This led the ALJ to note that the "updated medical records and testimony" indicated Plaintiff's limitations were somewhat greater than that reflected in the consultants' conclusions.[6]

In assessing Plaintiff's RFC, the ALJ considered (1) Plaintiff's own testimony about his capabilities; (2) the opinions of the non-examining consultants who reviewed the record evidence; (3) Plaintiff's medical records, including assessments by treating doctors; and (4) testimony of a vocational expert.[7] *See Lamb v. Bowen*, 847 F.2d 698, 704 (11th Cir. 1988) (noting that the testimony of a vocational expert is necessary to determine a claimant's RFC when he proves he cannot return to his past work). The opinion of a non-examining physician based

---

[4]    ECF 23, at 4 (citing *Kemp v. Astrue*, 308 F. App'x 423, 427 (11th Cir. 2009) (per curiam) (citing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988))).

[5]    ECF 13-2, at 27–28.

[6]    *Id.*

[7]    *See generally id.* at 24–29.

on the claimant's medical records *can* constitute substantial evidence when coupled with (among other things) the medical evidence in the record. *See, e.g., Denise S. v. Comm'r, Soc. Sec. Admin.*, Civ. A. No. 1:17-cv-921-AJB, 2018 WL 4520255, at *16 (N.D. Ga. Sept. 20, 2018).

### 2.    The ALJ's determination was based on substantial evidence.

In *Castle v. Colvin*, the Eleventh Circuit concluded the district court had erred in finding the ALJ's decision was not supported by substantial evidence even though the ALJ (1) discounted the treating doctor's RFC assessment and (2) did not order a consultative examination. 557 F. App'x 849 (2014) (per curiam). *See also Robinson v. Comm'r of Soc. Sec.*, 649 F. App'x 799, 801 (11th Cir. 2016) (per curiam) (concluding an ALJ need not "order a consultative examination if the record contains sufficient evidence for her to make an informed decision"). Here, the ALJ noted that the record was devoid of "any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined" by the ALJ.[8] In determining the RFC, the ALJ considered (among other things) Plaintiff's minimal level of pain; the medication Plaintiff takes to treat that pain only every three to four days; and Plaintiff's ability to walk

---

8    *Id.* at 27.

half a mile with a cane, care for himself, travel by MARTA, and stand for over an hour.[9] Plaintiff's own testimony was therefore inconsistent with his complaints about the "intensity, persistence, and limiting effects of his symptoms."[10]

In *Pupo v. Commissioner, Social Security Administration*, on which Plaintiff relies, the ALJ did not consider one of the claimant's severe impairments or the effect of that impairment—for which she later had surgery—on her physical abilities. 17 F.4th 1054. The ALJ only assigned "minimal weight" to the treating physician's opinion, and the record did not contain any opinion about the impairment on the claimant's physical abilities and limitations from a treating *or consulting* doctor. *Id.* at 1059–60, 1065. This left the ALJ "without any medical opinion on that issue at all." *Id.* at 1065. On review, the appeals council declined to consider new evidence. *Id.* at 1060. Failing to consider the impairment and its limiting effects in determining the claimant's RFC directly contravened SSA regulations. *Id.* at 1064 (citing, *inter alia*, Soc. Sec. Reg. 96-6p, 61 Fed. Reg. 34474, 34477 (July 2, 1996)).

No such facts are present here. Rather, Plaintiff suggests there was error because the ALJ was *required* to consider an examining physician's opinion in

---

[9] *Id.* at 25–26.

[10] *Id.* at 27.

determining the RFC. *Pupo* does not provide support for this assertion. In fact, the court in *Pupo* made clear that "medical opinion evidence as to a claimant's physical abilities and limitations" is not even required in every case. *Id.* at 1065. Here, the ALJ relied on (among other things) the opinions of two consultants and Plaintiff's own testimony. This is more than a "scintilla" and is sufficient to constitute "substantial evidence" in support of the ALJ's RFC determination. *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014) (per curiam) (concluding that the claimant's "medical records, the reports of her treating psychiatrists and therapists, the assessments of agency physicians, and [the claimant's] self-assessments provided sufficient evidence for the administrative law judge to determine whether [the claimant's] depression was disabling").

**IV.   Conclusion**

The Court has reviewed on a *de novo* basis those portions of the R&R to which Plaintiff objected, and the remainder for clear error. The Court concludes that the ALJ's decision was based on substantial evidence. Plaintiff's objections [ECF 23] are **OVERRULED**. The Commissioner's final decision is **AFFIRMED**, and the R&R [ECF 21] is adopted as the Order of this Court. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 29th day of September, 2022.

Steven D. Grimberg
United States District Court Judge